UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARCUS FINLEY,

        Petitioner,

v.

MARK MCCULLICK,

        Respondent.

Case No. 17-cv-11976
Hon. Terrence G. Berg

**ORDER DENYING PETITIONER'S MOTIONS FOR
EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL, AND
ORAL ARGUMENT**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Following a jury trial in the Kalamazoo County Circuit Court, Michigan prisoner DeMarcus Finley ("Petitioner") was convicted of first-degree murder, felon in possession of a firearm, possession with intent to deliver marijuana, and two counts of possession of a firearm during the commission of a felony. In 2014, he was sentenced to life imprisonment without parole on the murder conviction, to concurrent terms of five to 15 years imprisonment on the felon in possession and marijuana convictions, and to concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutively to the other

1

sentences. In his petition, he raises claims concerning sufficiency of the evidence, admission of gruesome photographs and hearsay testimony, conduct of the prosecutor, judgment of sentence, juror bias, joinder of charges, and effectiveness of trial counsel. Respondent has recently filed an answer to the petition and the state court record, and Petitioner has filed a reply. The matter is now before the Court on Petitioner's motions for evidentiary hearing, oral argument, and appointment of counsel. Respondent has not filed a reply to those motions.

## II. Discussion

### A. Evidentiary Hearing and Oral Argument

Petitioner requests an evidentiary hearing and oral argument. In support of his motions, he states that his habeas issues are meritorious, but complex, and that an evidentiary hearing and oral argument are necessary to properly resolve his habeas claims.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition at the time the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides in relevant part, "If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of

2

those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required." Rule 8, 28 U.S.C. foll. § 2254.

Under the federal habeas statute, facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that neither an evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) nor oral argument are necessary at this time. Additionally, the Court notes that federal habeas review is generally limited to the record that was before the state courts. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (ruling that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits"). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motions for evidentiary hearing and oral argument. The Court will keep those requests in mind should further development of the record or

3

the issues be necessary for the proper resolution of this matter. Petitioner need not file additional motions.

## B. Appointment of Counsel

Petitioner also requests the appointment of counsel. In support of his motion, he asserts that appointment of counsel is necessary because he cannot afford counsel, he has limited education, legal knowledge, and access to legal materials, and his habeas issues are complex.

A state prisoner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has submitted his habeas petition and supporting documents. Respondent has recently filed an answer to the petition and the state court record, and Petitioner has more recently filed a reply.

Having conducted a preliminary review of the pleadings, the Court finds that neither an evidentiary hearing, discovery, nor oral arguments are necessary for the resolution of this case, and the interests of justice do not require the appointment of counsel. *See* 18

4

U.S.C. § 3006A(a)(2)(B); Rules 6(a) and 8(c), Rules Governing Section 2254 Cases. Accordingly, the Court **DENIES** Petitioner's motion for appointment of counsel. The Court will bear the request in mind should the appointment of counsel be necessary for the proper resolution of this matter. Petitioner need not file another motion.

**IT IS SO ORDERED**.

Dated: April 24, 2018     s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 24, 2018.

s/A. Chubb
Case Manager